IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCELLO LACRAIG GIBBS,<br>TDCJ No. 2197635,<br><br>　　　　Petitioner,<br><br>V.<br><br>THE STATE OF TEXAS,<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:20-cv-1891-M-BN |

**MEMORANDUM OPINION AND ORDER DENYING CONSTRUED MOTION UNDER SECTION 2250 AND ADMINISTRATIVELY CLOSING CASE**

Marcello LaCraig Gibbs, a Texas prisoner, was convicted in Navarro County of drug possession and evading arrest. *See State v. Gibbs*, Nos. D37514, D37513, D36431, D36433 (13th Dist. Ct., Navarro Cnty., Tex.). In June 2021, the state trial court denied, in each of Gibbs's criminal cases, his *pro se* Motion to Obtain Trial Documents in Forma Pauperis; Gibbs appealed; and the Waco Court of Appeals dismissed his appeals for lack of jurisdiction. *See Gibbs v. State*, Nos. 10-21-00151-CR, 10-21-00152-CR, 10-21-00153-CR, 10-21-00154-CR, 2021 WL 2964823 (Tex. App. – Waco July 14, 2021).

Gibbs has now filed in federal district court a *pro se* Appellant's Motion to Have the Appellate Record Furnished Without Charge [Dkt. No. 3]. This filing was construed as seeking federal habeas relief under 28 U.S.C. § 2254. And Chief Judge Barbara M.G. Lynn referred the construed habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Gibbs explains that he is indigent, that he "is preparing to challenge his conviction[s] and sentence[s] in a Habeas Corpus Writ, and requires the reporter's record to establish the merits of his case," and that "[w]ithout the reporter's record [he] will be greatly prejudiced." Dkt. No. 3 at 1-2.

While "an indigent defendant has no constitutional right to acquire a copy of his transcripts or court records for use in a collateral proceeding," *Walton v. Davis*, 730 F. App'x 233, 234 (5th Cir. 2018) (per curiam) (citing *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976)), 28 U.S.C. § 2250 entitles "a movant for a writ of habeas corpus ... to copies of court records without cost where he has been granted leave to proceed [*in forma pauperis*] and his federal habeas motion is pending before the court," *Walton*, 760 F. App'x at 234 (citing § 2250; *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970)). But "[t]he records will not be provided where a movant contends that he needs them to formulate a claim or to review for facts that may support a potential habeas petition." *Id.* (citing *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993)).

Filing a Section 2254 habeas application is therefore a prerequisite to a state prisoner's obtaining copies of court records under Section 2250. *See id.* ("When Walton moved to furnish the requested records, no § 2254 petition or other collateral-review application was pending before the district court. Therefore, the district court had no basis to consider his motion for production." (citing *Carvajal*, 989 F.2d at 170; *Walker*, 424 F.2d at 278-79)).

Gibbs has yet to seek federal habeas relief. Further, there is no record that

Gibbs has exhausted his state habeas remedies prior to filing a motion in federal court related to habeas relief.

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state petitioner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

The Court therefore DENIES Gibbs's construed motion under Section 2250 without prejudice and ADMINISTRATIVELY CLOSES this case.

SO ORDERED.

DATED: August 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE